BENJAMIN MANDION *v.* THE FIREMEN'S INSURANCE COMPANY OF NEW ORLEANS– Spangenberg, Garnishee.

Where stock, on which a balance was still due on account of the original subscription, was transferred to a third person merely to secure a loan, and, on payment of the loan, was retransferred, such third person will not be liable to creditors of the company for any balance due on the shares, where the transfer, though an absolute one on its face, was not signed and accepted so as to preclude him from showing that it was intended only as a security.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Rozier*, for the appellant.

*Jewett*, for the appellee, Spangenberg, contended that form is not of the essence of the contract of pledge. 7 Toullier, 613. 18 Duranton, 586. 8 Pothier, 610. Du contrat ·de Nantissement, ch. 1, art. 2, s. 17. That the intention of the parties must prevail. Civil Code, art. 1940, s. 2. 1 Rob. 247. And that a pledge may be created by a contract in the form of an absolute sale. Ames on Corp. 344. 4 Pickering, 410. 7 Cowen, 412. 1 Mart. N. S. 407.

BULLARD, J. This case is somewhat analogous to the one of the same plaintiff, which was just decided, and relates to the ownership of fifty-seven shares of stock in the Firemen's Insurance Company, standing at one time in the name of Spangenberg, the garnishee, and his liability for a balance still due on the stock.

Spangenberg, in his answer to interrogatories, discloses the following facts, to wit : that the stock belonged originally to Robert Ferriday; that Ferriday transferred it to Spangenberg, merely as collateral security for a loan of money, which the latter had made to him; that Ferriday went into bankruptcy, but had previously paid the loan; and that, in pursuance of their original agreement, he had transferred the stock to Conrad, the assignee of Ferriday. He says he never was the owner of the stock; that he held it only as collateral security, and as the trustee of Ferriday; and that there was nothing simulated or collusive in the transaction.

These answers were traversed by the plaintiff, who alleges that the garnishee was and still is a stockholder, and owes the company as such, $2,000. He denies the pledge, and alleges that no notarial act of pledge was passed so as to operate to the prejudice of third persons ; he denies that any sale was made to the assignee of Ferriday; and avers that the assignee had no right to make such a purchase.

Upon the trial of this traverse, Ferriday was examined as a witness. He states that, in March, 1840, he borrowed some money of Spangenberg, and that the only means he had of securing the payment of it was to transfer fifty-seven shares of stock in

the Firemen's Insurance Company; and that, on the 30th of November, 1840, he did transfer the stock, merely as collateral security. In May, 1841, he repaid the money, and, early in 1844, it was retransferred to the assignee. He further stated on his cross examination, that the dividends received by Spangenberg were paid over to him. It appears that, in February, 1843, Ferriday, who had omitted the stock in his schedule when he filed his petition in bankruptcy, amended it by setting forth the stock as belonging to him, though standing in the name of Spangenberg, and it was afterwards retransferred to his assignee. The judgment against the Insurance Company in this case was not rendered until Nov. 1844. At the date of the transaction, in 1840, the company was in good credit, and the stock not depreciated.

We concur with the learned judge of the Commercial Court in the opinion, that the evidence supports the answer of the garnishee. The original transaction took place at a time not suspicious, when the stock was at par, and long before the present plaintiff had acquired any right. Although the transfer of the stock to Spangenberg appears on its face to be an absolute one, yet it was not signed and accepted by the garnishee so as to preclude his showing that it was only intended as collateral security, and his answer on oath to interrogatories propounded by the plaintiff, also made a witness, discloses the true character of the transaction. He was particularly interrogated as to the character of any transfers he may have made, and whether they were not simulated and fraudulent, and intended to defeat the rights of the creditors of the company; and his answers negative the allegation of simulation and fraud, and are corroborated by other evidence which is unimpeached.

*Judgment affirmed.*